UNITED STATES

v.

**Airman First Class Johnny CLARK, FR 253–17–2330 United States Air Force.**

ACM S26522.

U.S. Air Force Court of Military Review.

Sentence Adjudged 14 Aug. 1984.

Decided 3 Jan. 1985.

Appellate Counsel for the Accused: Colonel Leo L. Sergi, and Major Kathleen G. O'Reilly.

Appellate Counsel for the United States: Colonel Kenneth R. Rengert, and Colonel Andrew J. Adams, Jr.

Before HODGSON, FORAY and MURDOCK, Appellate Military Judges.

DECISION AND ORDER

MURDOCK, Judge:

The accused was convicted, pursuant to his pleas, of breach of the peace, assault, willful damage of Army and Air Force Exchange Service property, wrongful use of marijuana, and being drunk and disorderly in station. In the lone assignment of error, the appellant has avered that the action of the convening authority was taken prior to the expiration of time for submission of matters in clemency. We agree.

■ The appellant was sentenced on 14 August 1984, and the record of trial was served on him on 10 September 1984. The convening authority took action on 14 September 1984. Rule for Courts-Martial (R.C.M.) 1105(c)(1) allows an accused to submit matters under that rule within 30 days after the sentence is announced or within seven days after a copy of the record of trial is served on the accused, whichever is later. R.C.M. 1107(b)(2) directs that "the convening authority may take action only after the applicable time periods under R.C.M. 1105(c) have expired or the accused has waived the right to present matters under R.C.M. 1105(d), whichever is earlier...." [1] R.C.M. 1105(d) states that "(t)he accused may expressly waive, in writing, the right to submit matter under this rule." Appellant government counsel have presented an affidavit from the trial defense counsel which purports to establish that the appellant orally waived his right to submit matters under

---

1. See more complete instructions for Air Force use in Air Force Regulation 111–1, Military Justice Guide, 1 August 1984, paras. 7–4, 7–5, 7–6.

R.C.M. 1105(c).[2] This does not satisfy the requirement for a written waiver. Accordingly, the purported waiver was ineffective, and so was the convening authority's action.

■ In our review of this case, we have discovered another error which the convening authority should remedy when the new action is taken. The appellant was charged with breach of the peace in violation of Article 116, U.C.M.J., 10 U.S.C. § 916, and being drunk and disorderly in station in violation of Article 134, U.C.M.J., 10 U.S.C. § 934. Both the breach of the peace and the disorderly portion of the drunk and disorderly in station charge relate to the same incident which took place at the Noncommissioned Officer's Club in the early morning of 20 July 1984. Because both specifications refer to the same incident, and because breach of the peace and disorderly in station stand in the relation of greater and lesser offenses, the lesser offense (disorderly in station) must be dismissed as multiplicious for all purposes [rather than just sentencing as was done at trial]. *United States v. Baker*, 14 M.J. 361 (C.M.A.1983); Manual for Courts-Martial, United States, 1984, 41d(2)(a). Accordingly, the convening authority's new action should approve only that portion of Specification 2 of Charge IV which relates to being drunk in station. Because both specifications were considered multiplicious for sentencing at trial, no sentence adjustment is warranted.

The action is set aside and the record of trial is returned to the convening authority for a new recommendation and action.

HODGSON, Chief Judge, and FORAY, Senior Judge, concur.

2. The motion to file the affidavit of the trial defense counsel is Granted.